```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RENEE EDWARDS,<br><br>          Plaintiff on behalf of herself and all others similarly situated,<br><br>     v.<br><br>21ST CENTURY INSURANCE CO., ET Al.,<br><br>          Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil No. 09-4364 (JBS/JS)<br><br>**<u>OPINION</u>** |

APPEARANCES:

Anthony M. Sellitto , Jr., Esq.
SELLITTO LAW FIRM LLC
250 Washington Street
Suite B
Toms River, NJ 08753
     -and-
John M. Burke, Esq.
KOLES, BURKE & BUSTILLO, LLP
2600 Kennedy Blvd.
Jersey City, NJ 07306
     -and-
Michael A. Galpern, Esq.
LOCKS LAW FIRM, LLC
457 Haddonfield Road
Suite 500
Cherry Hill, NJ 08002
     -and-
Michael D. Halbfish, Esq.
TUNNEY & HALBFISH, ESQS.
245 Main Street
Woodbridge, NJ 07095
     Counsel for Plaintiff

Amy L. Piccola, Esq.
SAUL EWING LLP
3800 Centre Square West
1500 Market Street
Philadelphia, PA 19102
     Counsel for Defendants

**SIMANDLE,** District Judge:

## I. INTRODUCTION

This putative class action is about the sale of consumer automobile insurance that allegedly did not comply with New Jersey insurance law.  The matter is before the Court on a motion to dismiss by Defendants American International Insurance Company of Delaware (AII Delaware) and American International Insurance Company of New Jersey (AII New Jersey) [Docket Item 22], who argue that the Amended Complaint fails to state a claim against them and should be dismissed under Rule 12(b)(6), Fed. R. Civ. P., because they had no contractual relationship with Plaintiff or the members of the class she represents.  Also before the Court is Defendant 21st Century Insurance Co. and Defendant AIG Marketing, Inc.'s motion to dismiss part of Plaintiff's claims for lack of standing or in the alternative to strike portions of the Complaint under Rule 12(f), Fed. R. Civ. P.  [Docket Item 23.]

The principal questions to be decided are whether Plaintiff's claims can be stated against the defendants who were not parties to the insurance contracts but who are alleged to be principals of the agents who were parties, and whether the fact that Plaintiff purchased her insurance policy by telephone means that the allegations regarding Defendants' website should be stricken from the Complaint.  For the reasons explained below,

the motions will be denied.

## II.  BACKGROUND

According to the allegations in the Amended Complaint, Defendants collectively and through their agents sold automobile insurance policies that did not comply with New Jersey law.  A New Jersey insurance statute requires a company selling automobile insurance in New Jersey to comply with certain requirements when the policy provides less than $250,000 in personal injury protection benefits.  N.J. Stat. Ann. § 39:6A-4.3.  Specifically, it requires the customer to receive and sign a form that notifies the customer of the minimal nature of the coverage.  § 39:6A-4.3(e).[1]  When this form is not completed, the statute requires default coverage of $250,000 to be provided by the policy regardless of the content of the agreement.  Id. The Amended Complaint alleges that Defendants sold to the class members insurance policies with coverage of less than $250,000 in personal injury protection benefits, but did not obtain the disclosure forms required by statute, and did not provide the

---

[1]  The statute provides in relevant part that "[t]he coverage election form shall contain a statement, clearly readable and in 12-point bold type, in a form approved by the commissioner, that election of any of the aforesaid medical expense benefits options results in less coverage than the $250,000 medical expense benefits coverage mandated prior to the effective date of P.L.1998, c. 21." § 39:6A-4.3(e).  New Jersey insurance law also requires a "coverage selection form," as described in N.J. Stat. Ann. § 39:6A-23.

default coverage.

The Amended Complaint alleges that "Defendants had a common policy of failing to obtain coverage selection forms from putative class members, regardless of whether the sale of the standard automobile insurance policy took place via the internet or telephone." (Am. Compl. ¶ 38.) The class includes:

> All persons who, since at least October 12, 2006 (or such dated as discovery may disclose) have been policyholders owning or beneficiaries of standard automobile liability insurance policies sold in the State of New Jersey by Defendants that have provided limits of less than $250,000 in Personal Injury Protection (PIP) medical expense benefits coverage and as to whom Defendants do not have their affirmative choice in writing in the form proscribed by N.J.S.A. 39:6A-4.3 and 39:6A-23.

(Id. ¶ 54.) Plaintiff also alleges that 21st Century and AIG Marketing acted as agents or representatives of the AII Defendants, who approved their conduct. (Id. ¶¶ 12-21.)

Plaintiff maintains that the alleged conduct violated the relevant insurance statutes (for which they seek injunctive and declaratory relief); breached the implied covenant of good faith and fair dealing; breached the insurance contract; and as to Plaintiff and a subclass including those policyholders who actually incurred medical expenses in excess of the state limit, violated New Jersey's Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1.

The AII Defendants argue that, as against them, these

4

allegations fail to state a claim because they did not enter any contract with Plaintiff or those similarly situated.  Plaintiff maintains that the actual parties to the insurance contract were acting as agents or representatives of the AII Defendants.  Additionally, the other two Defendants maintain that because Plaintiff purchased her policy over the phone, the Amended Complaint's allegations with respect to Defendants' website should be stricken.

### III.  DISCUSSION

#### A.  Standard of Review

In order to state a claim upon which relief may be granted, a complaint must allege, in more than legal boilerplate, those facts about the conduct of each defendant giving rise to legal liability.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  These factual allegations must present a plausible basis for relief (i.e. something more than the mere possibility of legal misconduct).  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009).  In its review of Defendants' motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff."  Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  The

defendant bears the burden of showing that the complaint, so construed, fails to state a claim; simply stating that a complaint is insufficient without relevant legal argument is not sufficient to warrant dismissal or to force a plaintiff to prove the case at that preliminary stage.  See Gould Electronics Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000) ("The defendant bears the burden of showing no claim has been stated.").

On this procedural posture, "courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."  Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citation omitted).  In the present motion, Defendants urge the Court to consider an affidavit which makes various declarations regarding the relationships between Defendants.  The Court will not consider this affidavit on the motion to dismiss, which simply attempts to raise factual issues with respect to the Amended Complaint's allegations.  Id. Conversion of the motion to one for partial summary judgment would be inappropriate at this pre-discovery stage.  Further, if the motion to dismiss were to be converted to a motion under Rule 56, the parties would normally be required to comply with the requirements for filing statements of undisputed material facts under Local Civil Rule 56.1(a), which has not occurred.

### B. AII Defendants' Motion to Dismiss

Plaintiff contends that the Amended Complaint's allegations are sufficient to state a claim based on the agency relationship between the AII Defendants and the named parties to the insurance contracts. The Amended Complaint alleges that both 21st Century and AIG Marketing were "agent[s] or representative[s] of the other Defendants" and were "in doing the things alleged in this Complaint, acting within the course and scope of such agency and/or representation and [were] acting with the consent, permission and authorization of each of the remaining defendants." (Am. Compl. ¶¶ 12-13.) Additionally, Plaintiff alleges that "[a]t least since January 1, 2008, AIG Marketing was the managing general agent for Defendants," and that it "solicited, bound and wrote automobile insurance on behalf of" the other defendants. (Id. ¶¶ 14-17.) Further, they allege that "Defendants represent on their website that Defendants 21st Century, AIIC-NJ and AIIC-DE are '21st Century affiliated insurance companies [that] are used to write auto insurance, direct to the consumer, for 21st Century Insurance' in the State of New Jersey." (Id. ¶ 21.) Defendants ignore the question of whether these allegations are sufficient to allege an agency relationship. It appears to the Court that while some of these statements may constitute conclusory allegations of law, which cannot be considered when evaluating the sufficiency of the

7

Complaint, Twombly, 550 U.S. at 555, there is enough factual content in those allegations to sufficiently allege the grounds of an agency relationship as to the moving defendants.

The question is therefore whether under the New Jersey law of agency, a principal's ratification of the conduct of an agent subjects the principal to liability for the agent's conduct under the claims presented.  Neither side presents the Court with any legal arguments as to that critical question.  Upon superficial review, it appears that the answer may be yes.  According to the Third Restatement on Agency, when an agent acting with actual authority makes a contract on behalf of an undisclosed principal, the undisclosed principal is considered a party to the contract like any other party, with the same liabilities.  Restatement (Third) Of Agency § 6.03 (2006).  Though the Court does not hold this to be so as a matter of New Jersey law, as it is reluctant to do so in the absence of any adversarial argument on the subject, the Court is satisfied that Defendants have failed to show in their motion papers that the Complaint does not state a plausible claim for relief.  Consequently, since on this motion Defendants bear the burden of persuading the Court that the Complaint fails to state a claim, the motion to dismiss will be denied because the AII Defendants have failed to argue, much less convince the Court that their alleged agency relationship with the other defendants is not a sufficient basis for liability.

This denial of the motion will be without prejudice to refiling of the motion if it can be supported with relevant legal arguments to the effect that the Complaint's claims cannot be stated against a party who controlled the contracting party, or as a motion for summary judgment after exchange of relevant disclosure or discovery on the point of agency.

### C. 21st Century Insurance Co. and AIG Marketing's Motion

Paragraphs 32-36 of the Amended Complaint describe how an insurance policy is purchased on 21st Century's website as it relates to the statutory requirements of notice and the execution of the coverage form.  (Am. Compl. ¶¶ 32-36.)  Defendants argue that these paragraphs should be stricken, and to the extent they form the basis of Plaintiff's claims, those claims should be dismissed, because Plaintiff purchased her policy by phone. Defendants' argument is not persuasive.

Defendants conflate the inquiry into Plaintiff's standing to bring her claims with the separate question of whether a class representative may bring claims on behalf of class members when the claims are based on slightly different facts from those experienced by the class representative.  Once this confusion is remedied, the legal answer is clear.  As to Plaintiff's standing, Plaintiff has alleged "(1) personal injury suffered by him/her that is (2) fairly traceable to a defendant's allegedly unlawful

conduct (3) that is likely to be redressed by the requested relief."  See Allen v. Wright, 468 U.S. 737, 751 (1984).  That ends the standing inquiry because a class representative's lack of standing to assert claims with slightly different factual bases is not grounds for dismissal of those claims if the representative otherwise has standing to sue the defendant against whom these claims are asserted.  Haas v. Pittsburgh National Bank, 526 F.2d 1083, 1088 (3d Cir. 1975) ("Even though Haas herself does not have standing to challenge the service charge rate imposed on commercial transactions by Mellon Bank, summary judgment is inappropriate if Haas may represent a class of plaintiffs who do have standing.").  The reason for this rule should be obvious: the purpose of the class action procedural vehicle is to permit claims with common, but slightly different facts to be brought as one action if consistent with Rule 23, Fed. R. Civ. P.  The question with respect to the related claims that a class representative would not have personal standing to bring is instead whether the class satisfies the requirements of Rule 23 for commonality and typicality, and whether the other class members would have standing to bring those claims.  Id.  Defendant makes no argument with respect to Rule 23's requirements or the standing of class members who actually used the website to purchase insurance, and therefore the motion is denied.  The Court does not decide whether Rule 23 will permit

Plaintiff to represent a class including individuals who purchased insurance using the website.

**IV.  CONCLUSION**

The parties have unfortunately talked past each other in this motion, failing to address the relevant legal questions. With respect to the claims against the AII Defendants, the relevant legal question at this pre-discovery stage is whether the allegations regarding agency relationships are sufficient to impute liability to the principals.  Defendants have not persuaded the Court that such liability is not plausible upon the facts alleged, largely because they made no legal arguments with respect to that proposition.  With respect to the web-based insurance purchases, Defendants simply address the wrong question, Plaintiff's individual standing, when the relevant question is not her standing, but the standing of the class members and the commonality and typicality of the collective claims.  Accordingly, the motions will be denied, and the accompanying order will be entered.

**June 23, 2010**                                            **s/ Jerome B. Simandle**
Date                                                         JEROME B. SIMANDLE
                                                             United States District Judge